UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――

GARY NULL, PH.D., *et al.*,

                      Plaintiffs,

-v-

BANK OF AMERICA, N.A.,

                      Defendant.

23-CV-8343 (JPO)

OPINION AND ORDER

―――――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

Plaintiffs Gary Null, Ph.D., Gary Null's Uptown Whole Foods, Inc., Gary's Health Choices, Inc., and Health and Nutrition in Texas, Inc. (collectively "Plaintiffs"), bring this suit against Defendant Bank of America, N.A. ("BANA") for negligence, conversion, and breach of warranty in violation of the New York Uniform Commercial Code. (ECF No. 25 ("FAC").) Before the Court is BANA's motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 39.) For the reasons that follow, the Rule 12(b)(5) motion is denied and the Rule 12(b)(6) motion is granted.

**I.   Background**

    **A.   Factual Background**

The following facts are taken from the First Amended Complaint and are assumed true for the purposes of this opinion.

Plaintiff Gary Null, Ph.D. ("Null") is a resident of Florida. Plaintiff Gary Null's Uptown Whole Foods, Inc., is a New York corporation, with a principal place of business in New York, which was owned and operated by Null from December 2003 to August 2020. Plaintiff Gary's Healthy Choices, Inc., is a New York corporation, with a principal place of business in New York, which has been owned and operated by Null since January 2020. Plaintiff Health and

1

Nutrition in Texas, Inc., is a Texas corporation, with a principal place of business in Texas, which has been owned and operated by Null since March 2013. (FAC §§ 1-4.) Defendant Bank of America, N.A. ("BANA") is a national bank, with a principal place of business in North Carolina, that conducts business in New York. (*Id*. § 5.)

Between April 10, 2020, and June 7, 2021, one of Plaintiffs' employees and bookkeepers, Mohamed Sankoh, allegedly wrote $525,276.55 worth of company checks to vendors. Plaintiffs allege that these checks were not given to vendors but were instead misappropriated after being deposited into accounts at BANA. (*Id*. § 6.) Plaintiffs allege that BANA, as the depositary bank, was negligent and breached its warranty that the checks were authentic and free of alterations pursuant to U.C.C. § 4-207(a)(2) and Rule 9 of the Electronic Check Clearing House Organization. (*Id*. §§ 8-9.)

### B. Procedural History

This case was removed from New York Supreme Court, New York County, to this court on September 20, 2023. (ECF No. 1.) The originally named defendant, Bank of America Corporation ("BAC"), filed a motion to dismiss on November 13, 2023. (ECF No. 20.) Plaintiffs filed their First Amended Complaint, re-naming BANA as the sole defendant, on November 15, 2023. (ECF No. 25 ("FAC").) BANA filed a motion to dismiss the FAC on December 21, 2023. (ECF No. 38.) Plaintiffs filed their opposition on February 6, 2024 (ECF No. 48), and BANA filed a reply on February 29, 2024 (ECF No. 49).

## II. Legal Standard

### A. Rule 12(b)(5) Motion to Dismiss

Rule 12(b)(5) allows a party to move to dismiss a complaint for insufficient service of process. Rule 4(m) requires a defendant to be served with the summons and complaint within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, courts must excuse untimely

service if good cause is shown. *Id*. To determine whether a plaintiff has demonstrated good cause, courts generally consider three factors: (1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred, (2) prejudice to the defendant, and (3) whether the plaintiff had moved for an extension of time to serve. *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 392 (S.D.N.Y. 1999).

### B. Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but it must offer something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In resolving a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

## III. Discussion

### A. Rule 12(b)(5) Motion

BANA moves to dismiss under Rule 12(b)(5) on the ground that Plaintiffs have failed to properly serve the FAC. Although Plaintiffs served the original complaint on BAC, which was the initially named defendant, BANA has not been served with the FAC. Plaintiffs contend that BANA is "judicially estopped" from arguing that service was improper because counsel for BANA—who was also counsel of record for BAC's original motion to dismiss (ECF No. 20)—represented in a letter to the Court that "BANA further is prepared to waive service of the

Amended Complaint." (ECF No. 33.) BANA argues that this statement of willingness to waive service did not constitute an actual waiver of service. (ECF No. 49 at 4-5.) The Court disagrees. A reasonable attorney would have understood this statement in counsel's letter to constitute a waiver of service of the FAC. Accordingly, BANA's Rule 12(b)(5) motion is denied.

B.      **Rule 12(b)(6) Motion**

Section 4-207(2)(b) of the N.Y. U.C.C. provides: "Each customer and collecting bank who transfers an item and receives a settlement or other consideration for it warrants to his transferee and to any subsequent collecting bank who takes the item in good faith that . . . all signatures are genuine or authorized."[1] The common law provides a defense for depositary banks—the bank that takes the check—when the check is paid by the drawee bank even though the check is improperly endorsed. "Under the common-law rule, the drawer of a check 'does not have a direct cause of action against a depositary bank for collecting an improperly indorsed check.'" *Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 447 (S.D.N.Y. 2020) (cleaned up) (quoting *Horovitz v. Roadworks of Great Neck, Inc.*, 76 N.Y.2d 975, 976 (1990)). "'[T]he common-law in this State before the enactment of the Code was that a drawer had no direct action against a depositary bank; its remedy was against the drawee bank,' and '[t]he Code . . . did not change the rule.'" *Lesser*, 463 F. Supp. 3d at 447 (quoting *Prudential-Bache Sec., Inc. v. Citibank, N.A.*, 73 N.Y.2d 263, 272 (1989)). New York law has identified one narrow exception to this common-law rule: "the drawer will be permitted to recover from the depositary bank in the limited circumstances 'when the depositary has acted wrongfully and yet the drawee has acted properly in honoring the check because the forgery is effective.'" *B.D.G.S., Inc. v. Balio*, 8

---

[1] N.Y. U.C.C. § 4-207(2)(b) is the New York state law analogue of U.C.C. § 4-207(a)(2) cited by Plaintiffs in the FAC.

4

N.Y.3d 106, 112 (2006) (quoting *Spielman v. Manufacturers Hanover Trust Co.*, 60 N.Y.2d 221, 225 (1983)).

BANA contends that this common-law defense applies to Plaintiffs' claims, which are being brought by a drawer against a depositary bank for collecting improperly endorsed checks. The Court agrees. The common-law rule makes clear that Plaintiffs do not have a direct cause of action here against BANA, and the text of Section 4-207(2)(b) plainly states that the warranty that a check is genuine runs from the collecting bank to the next transferee and any subsequent collecting bank—not to a drawer, such as Plaintiffs. *See* N.Y. U.C.C. § 4-207(2)(b). Plaintiffs also do not contend that the narrow exception to the common-law defense applies. Instead, Plaintiffs attempt to plead around the U.C.C. by asserting claims sounding in common-law negligence and conversion. The case law makes clear, however, that Plaintiffs "may not 'sidestep' the UCC by merely attempting to restate a failed UCC claim as a common law cause of action." *Tripp & Co. v. Bank of New York (Del), Inc.*, 911 N.Y.S.2d 696 (Sup. Ct. N.Y. Cty 2010) (quoting *Prudential-Bache Sec., Inc. v. Citibank, N.A.*, 73 N.Y.2d 263, 271 (1989)). Furthermore, the cases that Plaintiffs cite in support of their conversion claim are inapposite, as they involve claims brought by plaintiffs as the payees of inbound checks, or claims brought by a drawee bank against a depositary bank (*see* ECF No. 48 at 5-8)—not claims made by a drawer against a depositary bank. Finally, Plaintiffs argue that the motion to dismiss is untimely (ECF No. 48 at 33), but BANA filed its motion in accordance with the deadlines set by the Court in its December 14, 2023 order (ECF No. 37). Accordingly, the Court concludes that Plaintiffs have failed to a state a claim on which relief can be granted.

**IV.     Conclusion**

For the foregoing reasons, Defendant's Rule 12(b)(5) motion to dismiss is DENIED, and Defendant's Rule 12(b)(6) motion to dismiss is GRANTED.

Defendant's previously filed motion to dismiss the original complaint (ECF No. 20) is DENIED as moot in light of the filing of the First Amended Complaint.

The Clerk of Court is directed to terminate the motions at ECF Numbers 20 and 38, to enter judgment dismissing the complaint, and to close this case.

SO ORDERED.

Dated: May 20, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge